STATE OF MINNESOTA *vs.* OSCAR H. COMFORT.

November 15, 1875.

**Indictment for Cruelty to Animals.**—An indictment under Laws 1871, ch. 34, § 1, for the prevention of cruelty to animals, which alleges that at a certain time and place the defendant did cruelly, wilfully, and with force and arms, over-drive the animal, by reason of which overdriving it was tortured and tormented, sufficiently describes the act constituting the offence.

**Judgment on Demurrer—When a Bar to Further Prosecution—Practice.**—When a demurrer to an indictment is allowed, the order or judgment allowing it is a bar to further prosecution, unless the court at the same time allow an amendment of the indictment, or order it resubmitted to the grand jury. Such allowance of amendment, or direction to resubmit, must be by matter of record, and ought to be made in the order or judgment allowing the demurrer.

Appeal by defendant from a judgment of the district court for Benton county, *McKelvey*, J., presiding.

*Fayette Marsh*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

GILFILLAN, C. J. This is an indictment for cruelty to animals under Laws 1871, ch. 34, § 1. The specification of the offence is that the defendant, with another, "did cruelly, wilfully, and with force and arms, overdrive two horses, * * * by reason of which said overdriving the said two horses were tortured and tormented."

It is objected that the indictment should go beyond the words of the statute, and more particularly describe what constituted the overdriving. But a charge in an indictment may be made in the words of the statute, without a particular statement of facts and circumstances, when, by using those words, the act in which an offence consists is fully, directly and expressly alleged, without any uncertainty or ambiguity. *Com.* v. *Welsh*, 7 Gray, 324. Such is the case in this indictment.

To the indictment the defendant interposed a plea of a former acquittal, and on the trial offered, to prove the plea, a former indictment, apparently for the same offence, a

demurrer to that indictment, and a judgment of the court
sustaining such demurrer, and evidence tending to identify
the offence as the same. The court charged the jury that
there was no evidence to warrant them in finding the plea
proved. This was error. Gen. St. ch. 111, § 7, in refer-
ence to demurrers to indictments, provides : '' If the demur-
rer is allowed, the judgment is final upon the indictment
demurred to, and is a bar to another prosecution for the
same offence, unless the court allows an amendment, where
the defendant will not be unjustly prejudiced thereby ; or,
being of opinion that the objection on which the demurrer
is allowed may be avoided in a new indictment, directs
the case to be resubmitted to the same or another grand
jury.'' The allowance of an amendment, or direction for
resubmission, must be by matter of record, made at the same
time when the demurrer is allowed, and ought regularly to
be made in the order or judgment allowing the demurrer.
Otherwise the defendant will never know when his case is
finally determined by the judgment on the demurrer. The
former indictment, the demurrer, and judgment allowing it,
if the offence be identified as the same, establish the plea
of former acquittal.

Judgment reversed.