[No. 10,717.—In Bank.]
July 24, 1882.

## THE PEOPLE *v.* T. H. ALLEN.

VARIANCE—NEW INFORMATION—APPEAL.—It is within the power, and it is the duty of the court, where the accused has been acquitted on the ground of variance, to order his detention and to direct a new information; but as a new information can be filed without the order of the Court, there is no practical utility in an appeal from an order refusing to detain the prisoner, and an appeal therefore will not be entertained.

APPEAL from a judgment for the defendant in the Superior Court of Colusa County.   BLANCHARD, J.

*A. L. Hart,* Attorney-General, for Appellant.

*John C. Denel,* for Respondent.

The COURT :

An information was filed accusing the defendant with having committed the crime of assault, with intent to commit murder, upon ,the person of one John Carl.   Upon the trial the name of the person who was the subject of the assault was proved to be John Carlin.   On motion of the defendant, the Court instructed the jury to acquit, on the ground of a variance between the information and the proof, and the jury accordingly rendered a verdict of not guilty by reason of the variance.   The District Attorney then asked the Court to make an order, instructing him, the said District Attorney, to amend his information, which was denied by the Court.   The defendant was then, on motion of his counsel, discharged from further custody.   This appeal is taken by the People, alleging error under Section 1165, Penal Code.

It was within the power, and, doubtless, it was the duty, of the Court to have made an order, after the judgment of acquittal, for the detention of the defendant, to the end that a new information might be filed; the Court, however, discharged him from custody, and he departed. We see no practical utility in the appeal, as a new and proper information could have been, and can be, filed without the order of the Court. The appeal is dismissed, on the ground that no ends of justice can be subserved in this case by any other action on our part.