## PEOPLE v. O'LEARY.*

### No. 20,358; June 26, 1888.

#### 22 Pac. 24.

**Criminal Law—Pleas—Former Jeopardy.**—Penal Code, section 1017, provides that pleas must be oral, and entered upon the minutes in substantially the following form, if defendant plead a former conviction or acquittal: "The defendant pleads that he has already been convicted [or acquitted] of the offense charged by the judgment of the court of," specifying the time, place, and court. If he plead once in jeopardy: "The defendant pleads that he has been once in jeopardy for the offense charged," specifying the time, place, and court. Defendant's pleas, as entered on the minutes (though his counsel offered written pleas which were much fuller), were: "First, defendant pleads not guilty of the offense charged; second, a former acquittal; third, once in jeopardy." Held, that the two latter pleas were insufficient.

**Criminal Law—Motion in Arrest—Bill of Exceptions.**—Under Penal Code, section 1185, providing that a motion in arrest of judgment may be "founded on any defects in the indictment or information mentioned in section 1004," a bill of exceptions, prepared for and used only upon a motion in arrest, cannot properly contain a written plea offered by defendant; and the contents of such writing cannot be looked to in this court to aid the pleas actually entered on the minutes.

**Criminal Law—Allowance of Demurrer—Bar to Prosecution.**—Under Penal Code, section 1008, providing that the allowance of a demurrer to an indictment or information is a bar to another prosecution, unless the court, "being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment or information, . . . . directs a new information to be filed," it is not necessary that the court actually render such opinion; it is sufficient if the court directs the district attorney to file a new information.

APPEAL from Superior Court, Yolo County; C. H. Garoutte, Judge.

Information against Arthur O'Leary for practicing medicine without a certificate. Defendant was convicted. The opinion of the commissioners is reported in 16 Pac. 884. Penal Code, section 1008, provides that, "if the demurrer

*For former opinion, see 77 Cal. 30, 18 Pac. 856.

is allowed, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment or information, directs the case to be submitted to another grand jury, or directs a new information to be filed. . . . . ''

R. Clark for appellant; Geo. A. Johnson, attorney general, for the people.

PATERSON, J.—The defendant was charged in the information with having practiced medicine without having first obtained a certificate authorizing him to do so as required by the ''Act to regulate the practice of medicine in the state of California'': Deering's Penal Code, 625–629. The language of the information is sufficiently full and explicit in charging the offense, and we think that the court did not err in overruling the demurrer. The appeal is from the judgment only. The bill of exceptions contains none of the evidence. We cannot say, therefore, that the court erred in refusing certain instructions referred to in appellant's brief. In the former decision filed herein (16 Pac. 884) it was held that ''the pleas of former acquittal and once in jeopardy, as the defendant asked to have them entered, were in substantially the form required by the code.'' In support of this proposition, there was quoted in the opinion a portion of the contents of a written plea offered by defendant's counsel, and it was said: ''If the clerk failed to make the entry as fully as he ought to have done, the defendant cannot be made to suffer for that failure.'' The pleas actually entered upon the minutes of the court were as follows: ''First, defendant pleads not guilty of the offense charged; second, a former acquittal; third, once in jeopardy.'' The jury found the defendant guilty, but did not find on the issues of former acquittal and once in jeopardy. The pleas, as entered upon the minutes, were insufficient. Section 1017, Penal Code, prescribes the form for such pleas. If the defendant plead a former conviction or acquittal the form is as follows: ''The defendant pleads that he has already been convicted [or acquitted] of the offense charged by the judgment of the court of ——, [naming it], rendered at ——, [naming the place], on the —— day of ————.'' If he plead once

in jeopardy, the form is as follows: "The defendant pleads that he has been once in jeopardy for the offense charged, [specifying the time, place, and court.]" The object of these forms is plain. The people should be informed of the circumstances as to time, place and court. None of these circumstances are named in the plea actually entered upon the minutes of the court below; and we cannot resort to the written document, which, it is claimed, was filed at the time the plea was entered in aid of the plea actually entered. Section 1017, supra, provides that "every plea must be oral, and entered upon the minutes of the court in substantially the following form: . . . ." The bill of exceptions in the record before us was prepared for and used only upon the motion in arrest of judgment. The bill of exceptions does not purport to be a bill prepared to present exceptions to the rulings of the court, upon any other matter than that of the motion in arrest of judgment. The written plea referred to is not properly in the bill of exceptions. Section 1185, Id., prescribes the grounds upon which a motion in arrest of judgment may be made. It is "founded on any defects in the indictment or information mentioned in section 1004."

There was no error in the ruling of the court below upon the defendant's motion in arrest of judgment, and, the pleas referred to not being in the form required by the code, it was not necessary for the jury to find on them.

We see no merit in the contention that the defendant should have been discharged from custody because the court below failed to render an opinion that the objection to the information to which the demurrer had been sustained could be overcome by filing another. The court directed the district attorney to file a new information, and this was a sufficient compliance with section 1008 of the Penal Code. It was not said in People v. Jordan, 63 Cal. 219, that the court must, in addition to directing the district attorney to file a new information, render an opinion that the objection to the information could be overcome by filing another. Judgment and order affirmed.

We concur: Searls, C. J.; McFarland, J.; Thornton, J.