[Crim. No. 295.    In Bank.—April 16, 1897.]

EX PARTE HENRY WILLIAMS ON HABEAS CORPUS.

CRIMINAL LAW — INFORMATION—ALLOWANCE OF DEMURRER—PERMISSIVE ORDER FOR NEW INFORMATION—BAR TO ANOTHER PROSECUTION— HABEAS CORPUS.—Under section 1008 of the Penal Code the allowance of a demurrer to an information or indictment is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection may be avoided by a new indictment or information, directs the case to be submitted to another grand jury or directs a new information to be filed; and where, upon sustaining a demurrer to an information, the court merely sustains it, " with leave to the district attorney to file a new information," such permissive order is not equivalent to the direction or command contemplated by that section, the prosecution is at an end, and the prisoner cannot be held for trial under a new information, and will be discharged from custody upon *habeas corpus.*

APPLICATION to the Supreme Court for a discharge from imprisonment upon a writ of *habeas corpus* to the sheriff of the County of Orange. The order under which the prisoner was held was made by the Superior Court of the County of Orange.    J. M. BALLARD, Judge.

Further facts are stated in the opinion of the court.

*H. C. Head,* for Petitioner.

If the demurrer is allowed, the judgment is final upon the information demurred to, and is a bar to another prosecution for the same offense, unless the court directs a new information to be filed.   (Pen. Code, sec. 1008; *People* v. *Jordan,* 63 Cal. 219; *People* v. *O'Leary,* 77 Cal. 34.)

HENSHAW, J.—The petitioner seeks his discharge upon *habeas corpus*, and shows the following facts: To the indictment charging him with forgery he interposed a demurrer, which demurrer was by the court sustained, "with leave to the district attorney to file a new information."

Section 1008 of the Penal Code provides that the allowance of a demurrer to an information or indictment is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is allowed may be avoided by a new indictment or information, directs the case to be submitted to another grand jury, or *directs a new information to be filed.* This section plainly contemplates that the filing of a new indictment or information after demurrer sustained shall rest in the discretion of the court, and not in the discretion of the district attorney, and that it shall be filed upon the court's direction or command to the district attorney so to do.

We have frequently been compelled to comment upon the apparent unwillingness of trial judges to obey the plain mandate of the statute, and upon their carelessness in conforming to the clear requirements of the law. It would have been extremely easy for the court in this instance to have adopted the language of section 1008, and, if in its view a new information should have been filed, to have *directed* the district attorney accordingly. Indeed, upon demurrer to an earlier information in the same case (for the information proposed to be filed will be the third), the court followed the provisions of the statute, and *directed* the district attorney to file a new pleading. But in the present instance, instead of so doing, and without warrant in law, the court merely extended leave to the district attorney to file such information, permitting the decision of the matter as to whether or not such new information should be filed to rest entirely in the discretion of that officer. This, however, was an attempted transfer of the duty of deciding from the court, where the law places that re-

sponsibility, to the district attorney, who under the law is not authorized to exercise it. It cannot be held that a permissive order granting leave is equivalent to a mandatory order dictating the performance of a given act. Under the order of court directing the filing of a new information, the district attorney for his failure so to do would be guilty of misfeasance or nonfeasance, and would be punishable accordingly. Under the permissive order given by the court he would violate no duty, and be amenable to no punishment if he should never file a new information.

It cannot be held, therefore, that the order here given is equivalent to the order which the statute contemplates should be made. The "leave" given to a party to file an amended pleading after demurrer sustained is never an order or direction to the party that he must file such pleading. As the only order which the court could properly make was an order directing a new information to be filed, and as the order in fact made by the court cannot be considered to be equivalent thereto, it follows, under sections 1008 and 1009 of the Penal Code, that the prosecution is at an end and that the prisoner must be discharged.

It is ordered accordingly.

BEATTY, C. J., TEMPLE, J., McFARLAND, J., and HARRISON, J., concurred.

VAN FLEET, J., dissenting.—The order in full as made by the court below, omitting the part sustaining the demurrer, was this: "And it appearing to the court that the objection raised by the demurrer to the information may be avoided, leave is granted to the district attorney to file a new information." This order very clearly shows that the intention of the court was to direct that a new information, curing the suggested defects, should be filed, and I think the language used by the court equivalent to the direction provided by the statute. I am unable to coincide with the view expressed in the main opinion, that the language was

merely a permissive direction to be acted upon at the discretion of the district attorney. I think the petitioner should be remanded.