(January 14, 1902.)

## IN RE E. W. PIERCE.
[67 Pac. 316.]

HABEAS CORPUS—CRIMINAL LAW—DEMURRER—NEW INFORMATION.—
Application for a writ of *habeas corpus* will be denied where it appears from the petition therefor that the defendant is confined in the penitentiary under a judgment of conviction upon a new information filed by the prosecuting attorney, under an order of court sustaining a demurrer to the former information and granting leave to file a new information, as such order is, in effect, a compliance with the provisions of sections 7745, 7746, 7747 of the Revised Statutes.

(Syllabus by the court.)

An original proceeding for a writ of *habeas corpus.*

W. A. Stone, for Petitioner.

No brief filed.

Per CURIAM.—This is an application by E. W. Pierce, by petition, for a writ of *habeas corpus.* The petitioner claims that he is unlawfully restrained of his liberty by the warden of the state penitentiary of the state of Idaho under the following circumstances: That prior to December 4, 1901, an information by the public prosecuting attorney of Canyon county was filed in the district court of the third judicial district, in and for Canyon county, charging the petitioner with the crime of embezzlement, to which information the defendant filed a demurrer. That on the fifth day of December, 1901, the said district court, after hearing argument upon said demurrer, made the following order, to wit: "The court, after due deliberation, sustains the demurrer, and grants the county attorney leave to file a new information." That thereafter, in the said court, and pursuant to said order, the prosecuting attorney of Canyon county filed another information against defendant, charging him with the same offense. That thereafter, in the said district court the defendant moved to dismiss the action for the reason that the said information was filed by the prosecuting attorney without direction of the court, which motion was by the court overruled and denied. Thereafter the defendant was tried by a jury, convicted, and duly sentenced to imprisonment in the state prison under which judgment of conviction he is now being detained by the said warden of the penitentiary.

It is argued that the order sustaining the demurrer to the first information terminated the action, and was a bar to further proceedings inasmuch as the district court did not specifically direct the prosecuting attorney to file another information. This contention is based upon the provisions of sections 7745-7747 of the Revised Statutes, which are as follows:

"Sec. 7745. Upon considering the demurrer, the court must give judgment either allowing or disallowing it, and an order to that effect must be entered upon the minutes.

"Sec. 7746. If the demurrer is allowed, the judgment is final upon the indictment demurred to and is a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, directs the case to be resubmitted to the same or another grand jury.

"Sec. 7747. If the court does not direct the case to be resubmitted the defendant, if in custody, must be discharged, or if admitted to bail, his bail is exonerated, or if he has deposited money instead of bail, the money must be refunded to him."

In behalf of the petitioner's contention we are cited to the following authorities: *People v. Jordan,* 63 Cal. 219; *People v. O'Leary,* 77 Cal. 30, 18 Pac. 856; *Ex parte Williams,* 116 Cal. 512, 48 Pac. 499; *State v. Comfort,* 22 Minn. 271. In *People v. Jordan, supra,* a demurrer was sustained to the information. The trial court, after hearing argument upon the demurrer, intimated that it would later make an order sustaining the demurrer; and, before the demurrer was sustained, the prosecuting attorney filed a second information based upon the same offense. Afterward the trial court made an order sustaining the demurrer to the first information, and the supreme court says: "No leave of the court was asked or given for filing the second information." That case is unlike the one at bar. Here leave was expressly granted by the court to the prosecuting attorney to file a new information. In *People v. O'Leary, supra,* which was an appeal, the supreme court of California refused to reverse a judgment of conviction for the reason that the trial court failed to render an opinion that the objections to the information to which the demurrer had been sustained could be overcome by filing another. The decision in that case has no application to the question before us. In *Ex parte Williams, supra,* the supreme court of California in April, 1897—more than ten years after the statute in question here had been adopted by the Idaho legislature—sustained the contention made by the petitioner, but we do not feel inclined to follow that decision. The rule of borrowed statutes and borrowed constructions to the same has no application here. In *State v. Comfort, supra,* the supreme court of Minnesota, under

a statute substantially the same as ours, but which goes farther, and permits amendments to an indictment without resubmission to the grand jury, reversed a judgment of conviction for the reason that to a former indictment for the same offense a demurrer had been sustained, and it was not a matter of record that the case had been resubmitted to the grand jury. The court, after stating the facts, said: "The allowance of an amendment or direction for resubmission must be, by matter of record, made at the same time when the demurrer is allowed, and ought regularly to be made in the order or judgment allowing the demurrer. Otherwise the defendant will never know when his case is finally determined by the judgment on the demurrer." In the case under consideration the order which sustained the demurrer to the information granted leave to the prosecuting attorney to file a new information. This was, in effect, directing the district attorney to reconsider the matter, and if, in his judgment, it was proper to file a new information, to do so. If the petitioner had been prosecuted by indictment instead of by information, the order sustaining the demurrer to the indictment should have directed the resubmission of the case to the grand jury, but it would not have been proper for the court to have directed the grand jury to find a new indictment. The county attorney is an officer of the court, and to some extent subject to the control of the court. We think that the order granting him leave to file a new information, whether made at his request or not, is tantamount to the resubmission of the matter to him, which is all that the statute cited *supra* contemplates should be done in case of an indictment to which a demurrer has been sustained; and we fail to see wherein any substantial right of the petitioner was prejudiced. If the writ demanded had been granted, and the case presented by the petition should not be traversed in any particular by a return to the writ, this court would feel it its duty, under the provisions of our Penal Code, to refuse to order the discharge of the prisoner.

For which reasons, under the provisions of section 8343 of the Revised Statutes, the application for a writ of *habeas corpus* should be, and the same is, denied.