[Crim. No. 1649. In Bank.—July 31, 1911.]

## In the Matter of the Application of JOHN HUGHES, for a Writ of Habeas Corpus.

CRIMINAL LAW—SUSTAINING DEMURRER TO INFORMATION—ORDER FOR FILING NEW INFORMATION.—Where a demurrer to an information is sustained, an order of the court to the effect that it was of the "opinion that a new information *should* be filed, which would do away with the objection and be sufficient in all respects," is a sufficient direction by the court for the filing of a new information, within the meaning of section 1008 of the Penal Code.

APPLICATION for a Writ of Habeas Corpus directed to the Sheriff of San Joaquin County.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Petitioner.

Max Grim, Deputy District Attorney, for Respondent.

HENSHAW, J.—The petitioner shows that the minute order of the superior court sustaining his demurrer to the information was in the following language:—

"The demurrer of the defendant to the information on file herein having been heretofore argued and submitted to the court for its decision—It is by the court ordered that the demurrer to the information be, and the same is, hereby sustained, and leave is granted to the district attorney to file another information;" that upon the presentation of a second

information his motion to quash, annul, and set it aside, was denied. Wherefore, he has sued out this writ, contending that the second information was filed against him, and is being prosecuted against him without authority of law. (*Ex parte Williams,* 116 Cal. 512, [48 Pac. 499] ; *People* v. *Nogiri,* 142 Cal. 596, [76 Pac. 490].)

The return to this writ, however, shows that the minute order here assailed did not correctly set forth the order which the court actually made in the premises, and that the order actually made was in substantial conformity to the provisions of section 1008 of the Penal Code. The minute order, as entered, omitted a very essential feature of the order which the court actually made, to the effect that it, the court, was of the "opinion that a new information *should* be filed, which would do away with the objection and be sufficient in all respects."

Here was the exercise of the judicial power, which, as has been said, the law contemplates the court—and not the district attorney—should make. This judicial power having, in fact, been exercised by the court, a substantial compliance with the statute is shown.

The writ is therefore discharged and the prisoner remanded.

Lorigan, J., and Melvin, J., concurred.

SHAW, J., concurring.—I concur. But I wish to suggest to the court below that it should correct its minutes so that they may show the order directing the filing of a new information.

SLOSS, J., concurring.—I concur in the judgment. The ruling of the court seems to be based upon a supposed distinction between this case and *Ex parte Williams,* 116 Cal. 512, [48 Pac. 499]. I do not, however, see that there is any substantial difference between the orders in the two cases. I think that too strict a rule of construction was applied in the Williams case and I should prefer to have the court expressly overrule that case rather than attempt to distinguish it upon insufficient grounds.

Angellotti, J., concurred.