[Crim. No. 384. Third Appellate District.—January 3, 1917.]

## Ex Parte MARGARET CHAMBERS, on Habeas Corpus.

CRIMINAL LAW—PRELIMINARY EXAMINATION—TIME.—While the statute does not prescribe the number of days after an information is laid before a committing magistrate within which the preliminary examination of the person informed against must be held, yet it is opposed both in letter and spirit to an unreasonable delay.

ID.—PERJURY—AMENDMENT OF INDICTMENT—OFFENSE NOT CHANGED—HABEAS CORPUS.—A defendant in custody under an indictment charging her with the crime of perjury is not entitled to discharge on *habeas corpus* by the filing against her, after demurrer sustained to the indictment, of an amended indictment by the district attorney under leave of court, where the amended pleading did not change the offense, but simply made more certain the date of the instrument set out in the indictment upon which the alleged perjury was based.

ID.—AMENDMENT OF INDICTMENT—CONSTRUCTION OF CODE AMENDMENT. Under section 1008 of the Penal Code, as amended in 1911, the amendment of an indictment or information by the district attorney is permitted, subject to the limitation that the amendment shall be as to matters of form only and not in matters of substance.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Third Appellate District.

The facts are stated in the opinion of the court.

Ben Berry, and D. P. Ficke, for Petitioner.

E. P. Foltz, District Attorney, and C. P. Rendon, Deputy District Attorney, for Respondent.

BURNETT, J.—In the return to this application for a writ of *habeas corpus* appear three warrants of arrest in proper form which it is claimed by the sheriff of San Joaquin County justify his detention of petitioner. The first two were issued by a justice of the peace, based upon verified complaints charging two separate offenses of perjury, and the third is a bench warrant upon an indictment, also for perjury, found by the grand jury of said county.

As to the warrants issued by the said justice, the contention of petitioner is as follows: ''No preliminary examination has been held upon either charge, neither does it appear that the officers whose duty it is to conduct such preliminary examination intend to hold a preliminary examination upon either charge, as four months and twenty days have elapsed since petitioner was deprived of her liberty upon said charges, during which time she has repeatedly requested that preliminary examination be held, all of which requests have been ignored. While such process was at first lawful, she has certainly become entitled to a discharge by reason of the failure of the officers to follow the plain mandate of the law in the premises. (Pen. Code, sec. 1487, subd. 2; Const., art. I, sec. 13; Pen. Code, secs. 859, 860 and 861.)''

As to the other process we have this contention: On October 24, 1916, petitioner was indicted for perjury. Upon arraignment, November 20, 1916, a demurrer was interposed, one point being that while the indictment charged the making of certain false statements, there was no sufficient averment of what the real facts were. The demurrer was sustained and the court made an order granting the district attorney leave to amend by November 21, 1916, at 10 o'clock A. M. ''This was not an order or the equivalent of an order that the case be resubmitted to another grand jury. (*Ex parte Williams*, 116 Cal. 512, [48 Pac. 499]; *Ex parte Hayter*, 16 Cal. App. 211, [116 Pac. 370].) But whether it may be considered the equivalent of an order or not, it was not submitted to another grand jury, and the demurrer having been sustained, the prosecution was at an end (Pen. Code, sec. 1008; *Ex parte Williams*, 116 Cal. 512, [48 Pac. 499], and *Ex parte Hayter*, 16 Cal. App. 211, [116 Pac. 370]), unless the amendment authorized by the court was one provided by statute. In pursuance of the order, the district attorney filed what purported to be an amended indictment on November 21, 1916, which indict-

ment was not found or presented by a grand jury, but prepared, presented, and filed by the district attorney, and which indictment differed very materially in substance from the indictment to which a demurrer had been sustained."

The said difference, it is claimed, arises from the allegation in the amended indictment that a certain note was written and delivered on February 5, 1916, and that it was material to know the date of its execution and delivery.

We deem it unnecessary to decide whether said warrants issued by the justice of the peace became inoperative and void by reason of the failure and refusal to bring on the preliminary examination. We may remark, however, as to this, that while the statute does not prescribe the number of days after the information is laid before the committing magistrate within which the preliminary examination must be begun, yet both in letter and spirit it is opposed to such unreasonable delay as occurred herein. It has often been said, and it will probably be advisable many times to repeat it, that a person charged with crime has certain rights guaranteed by the constitution and statutes that even a district attorney is bound to respect. No one should be detained in prison indefinitely or capriciously in order that a case may be developed in the future, or circumstances arise that will justify a trial and probably afford sufficient ground for conviction. The interests of society do not demand, and the rights of the individual forbid, such invasion of personal liberty.

But passing the foregoing consideration, we may say that we find no ground for affirming the invalidity of the said bench warrant. The scope of the writ of *habeas corpus* is familiar, and we need not describe it further than to state that the application for the writ involves, of course, in one form or another, the question of jurisdiction. Herein we think it must be held that there is no lack of legal authority as to any of the proceedings or process by virtue of which petitioner's detention is sought to be justified. The warrant itself is regular and within the provisions of the statute. Indeed, its sufficiency is not assailed or questioned. It is not denied that the indictment constituting the basis for said warrant was found as the law requires. Said indictment undoubtedly stated a public offense of which the superior court had jurisdiction. Without any doubt, the crime of perjury is therein set forth. We deem it unnecessary to set forth its

averments, as it is not seriously claimed that any essential element of said crime was omitted. The objections raised to said indictment relate rather to the phraseology than to any substantial defect, and they do not present any question of jurisdiction.

So far there is nothing to indicate any illegality in petitioner's incarceration. A demurrer was interposed to said indictment, both general and special. It was sustained, the court holding that there was not a sufficient averment of "what the true facts are." It also appears that the court made a further order granting the district attorney leave to file an amended indictment by November 21, 1916, at 10 o'clock A. M. This proceeding was and is warranted also by the statute. Section 1008 of the Penal Code provides that "an indictment or information may be amended by the district attorney without leave of court, at any time before the defendant pleads. Such amendment may be made at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant. An indictment cannot be amended so as to change the offense charged," etc.

The district attorney did file an amended indictment almost identically the same as the original, but adding, as we have seen, the averment that it was material to know whether the note set out in the indictment was written on January 15th or January 22d, and the further averment that it was written February 5th. But the offense was not changed. The amendment constituted at most an additional specification of the perjured testimony, and could not have prejudiced the substantial rights of the accused. In fact, the amendments simply made the indictment more certain in the respect indicated. In the original it does at least inferentially appear that it was material to know whether said note was written on January 15th or 22d, and there can be no objection to the addition that it was written on February 5th, since it appears by proper averment that she falsely testified that it was written on January 5th or 22d, and the effect of the amendment is simply to fix the actual date more definitely. The case falls, indeed, within the rule announced in *People* v. *Anthony*, 20 Cal. App. 586, [129 Pac. 968], to the effect that under said section 1008 the district attorney has no power to amend an indictment or information in matters of sub-

stance but only as to matters of form. In that case, it may be observed, it was held that "an amendment to an indictment . . . by merely changing the date in a specified month as to the commission of the offense could not be prejudicial to the defendant," and was permitted by said statute.

There is certainly as much reason for holding that the district attorney here did not exceed the limitations imposed by said section of the law. It may be said also that several cases from other jurisdictions approving much more serious amendments are cited by respondent, but it is not deemed advisable to refer to them specifically. But if we concede that the district attorney has added more than the law allows, it does not follow that petitioner is entitled to her discharge. It would be simply a case of error and not of an entire want of jurisdiction—to be corrected in the court below or reviewed on appeal.

We may repeat: The jurisdiction for the arrest and detention of petitioner having existed by virtue of a valid indictment, was not lost or affected by reason of an amended indictment charging the same offense, though in somewhat amplified form. The warrant was, therefore, continued in force as a legal process, and justifies the sheriff in holding said petitioner. *Ex parte Williams*, 116 Cal. 512, [48 Pac. 499], and *Ex parte Hayter*, 16 Cal. App. 211, [116 Pac. 370], the two cases principally relied upon by the applicant, arose when said section 1008 made no such provision for an amendment to the indictment or information. This was added by the statute of 1911 and approved March 22d of that year.

Prior to said amendment, the section read: "If the demurrer is allowed, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment or information, directs the case to be submitted to the same or another grand jury, or directs a new information to be filed."

In each of said cases a demurrer was sustained and no such order was made by the trial court and it was, therefore, held by the higher tribunal that under the express provisions of the statute the prosecution was at an end, and therefore the defendant was entitled to be discharged.

In the Williams case the demurrer was sustained in 1897, and in the Hayter case on January 28, 1911. It is apparent, therefore, that these cases are not controlling here. There seems to be no warrant for holding that the writ should issue, and the application is denied and the petitioner remanded.

Chipman, P. J., and Hart, J., concurred.