[No. 2425]

IN THE MATTER OF THE APPLICATION OF JOHN J.
WILLIAMS FOR A WRIT OF HABEAS CORPUS.

[186 Pac. 673]

1. INDICTMENT AND INFORMATION—LEAVE GRANTED TO FILE NEW
INFORMATION ON MOTION OF DISTRICT ATTORNEY.

Under the information act (Stats. 1913, c. 209, secs. 6, 9,
and 10) and Rev. Laws, 7101, though the trial court on sus-
taining demurrer to original information did not direct that
another information be filed, it had jurisdiction to grant dis-
trict attorney's motion for leave to file new information.
motion to dismiss which as filed without due authority was
properly denied.

ORIGINAL PROCEEDING. Application of John J. Wil-
laims for a writ of habeas corpus. **Writ discharged,
petition dismissed, and petitioner remanded to custody.**

*Ryland G. Taylor,* for Petitioner:

Petitioner claims the protection of habeas corpus, for
the reason that the district court is without jurisdiction,
under the facts related and as shown by the record.
Ex Parte Dela, 25 Nev. 346; In Re Williams, 116 Cal.
512; Ex Parte Baker, 88 Cal. 84.

The court having sustained a demurrer, with mere
leave to file another information, such leave to file is not
sufficient direction or order by the court, as contem-
plated by the statute. Rev. Laws, 7101. Such permis-
sive order is not equivalent to a direction or command.
In Re Williams, supra; People v. Jordon, 63 Cal. 219;
People v. O'Leary, 77 Cal. 30.

The sustaining of the demurrer was a final judgment,
from which an appeal may be taken. Even if the district
attorney is directed to file a new information, such
information cannot be filed until and unless the case is
submitted de novo to the proper magistrate for examina-
tion on preliminary hearing. Rev. Laws, 7101; Stats.
1915, c. 209, sec. 6. The court has no right to add to or
detract from an indictment. State v. Chamberlain, 6
Nev. 257; In Re Parker, 88 Cal. 84.

*H. H. Atkinson,* for Respondent:

The matter to be considered by this court is whether or not the statute has been complied with by the proceeding in the district court.

As soon as the demurrer has been sustained, the district attorney announced to the court that he had prepared another information, and asked leave of the court then and there to file it. This leave was immediately granted. The several steps were all one proceeding, and amounted to a direction of the court to the district attorney to file another information. Everything contemplated by the statute was done, and the petitioner was not in any manner prejudiced. "We think that the order granting him leave to file a new information, whether made at his request or not, is tantamount to the resubmission of the matter to him, which is all that the statute contemplates should be done in case of an indictment to which a demurrer has been sustained; and we fail to see wherein any substantial right of the petitioner was prejudiced." In Re Pierce, 67 Pac. 316.

Resubmitting the case to the committing magistrate for another examination upon preliminary hearing is purely optional. "After such order of resubmission the defendant may be examined before a magistrate." Stats. 1919, c. 232, sec. 37.

By the Court, COLEMAN, C. J.:

Petitioner was informed against for embezzlement. To the information a demurrer was filed which, after argument, was sustained by the court. The district attorney, anticipating the result, had prepared a new information, and at the time the demurrer was sustained asked leave of court to fine a new information, which was granted. Thereafter counsel for defendant made a motion to dismiss the information upon the ground that it had been filed without due authority of law. After argument and due consideration, the motion was denied.

Thereupon the defendant filed his original petition for a writ of habeas corpus, upon the ground that he is illegally restrained of his liberty, for the reason that the court at the time of sustaining the demurrer to the original information did not direct that a new information be filed; and to sustain his contention reliance is had upon section 7101 of the Revised Laws of 1912. This section reads:

"If the demurrer is allowed, the judgment is final upon the indictment demurred to, and is a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, directs the case to be submitted to the same or another grand jury; provided, that after such order of resubmission, the defendant may be examined before a magistrate, and discharged or committed by him, as in other cases."

It is contended that, while the court might direct the filing of a new information, it had no jurisdiction to grant leave to the district attorney to file it. In support of the contention our attention is directed to the cases of In Re Williams, 116 Cal. 512, 48 Pac. 499, People v. Jordon, 63 Cal. 219, and People v. O'Leary, 77 Cal. 30, 18 Pac. 856.

It will be seen that the section quoted makes no allusion to situations arising because of the sustaining of a demurrer to an information, but our information act (Stats. 1913, p. 293) provides that all provisions of law applying to prosecutions upon indictments shall apply to informations, as near as may be.

The Jordon case is not in point, for the reason that the second information was filed without any order whatever having been made by the court permitting or directing the filing of the same. Nor is the O'Leary case in point, because an entirely different question was involved there than that here presented. Furthermore, it appears from the opinion in that case that "the court directed the district attorney to file a new information. * * *"
From a reading of Ex Parte Williams, we are of the

opinion that it cannot be said that it is directly in point "in fact as well as in law," as stated in one of the briefs. There is this difference: In the case at bar the district attorney, anticipating that the demurrer would be sustained to the first information, prepared a new information which he had in court when the order sustaining the demurrer was entered by the court, and immediately asked leave to file the same, which was granted, and the information was instantly presented and examined by the court, while in the California case in question the demurrer was sustained with leave to the district attorney to file a new one. So far as appears from the opinion in the Williams case, the district attorney did not signify any desire at that time to so proceed. The reasoning of the court in that case does not apply to the situation presented in the instant case. There it was said that the order made was an attempt to transfer the duty of deciding, that if the district attorney failed to act, had he been directed to file a new information, he would have been guilty of misfeasance or nonfeasance, but that if he had refused to act under a permissive order, there would have been no liability—all of which is no doubt true.

But in Ex Parte Hughes, 160 Cal. 388, 117 Pac. 437, in an opinion by Henshaw, J., who wrote the opinion in the Williams case, it was practically held that it was not a jurisdictional requirement that the court direct that a new information be filed; for it was held in that case that it was sufficient where the court said that it was of the "opinion that a new information should be filed, which would do away with the objection and be sufficient in all respects." In the Hughes case the court neither granted leave to file a new information nor directed the filing of one, but merely expressed its opinion as to what should be done.

It will be noted that two of the judges expressed an opinion that the rule declared in the Williams case should have been expressly overruled. As we construe the opinion of the court, it was clearly an abandonment of

the position taken in the Williams case, and paves the way for an ultimate reversal thereof.

In a case in which the facts were identical with those in the Williams case, supra, the Supreme Court of Idaho (In Re Pierce, 8 Idaho, 183, 67 Pac. 316) refused to adopt the views of the California court, and the logic of the Idaho case appeals to our reason.   In that case the court said:

"In the case under consideration the order which sustained the demurrer to the information granted leave to the prosecuting attorney to file a new information. This was, in effect, directing the district attorney to reconsider the matter, and if, in his judgment, it was proper to file a new information, to do so.   If the petitioner had been prosecuted by indictment instead of by information, the order sustaining the demurrer to the indictment should have directed the resubmission of the case to the grand jury, but it would not have been proper for the court to have directed the grand jury to find a new indictment.   The county attorney is an officer of the court, and to some extent subject to the control of the court.   We think that the order granting him leave to file a new information, whether made at his request or not, is tantamount to the resubmission of the matter to him, which is all that the statute cited supra contemplates should be done in case of an indictment to which a demurrer has been sustained; and we fail to see wherein any substantial right of the petitioner was prejudiced."

We would feel perfectly justified in resting our conclusion upon the Idaho case, but we might say that in our opinion there is another reason why we should not follow the Williams case.   As we have said, section 6 of our information statute provides that all provisions of our law applying to prosecutions upon indictment shall apply to prosecutions by information, as near as may be. While section 7101, above quoted, contemplates the filing of a second indictment, the reason which might justify us in holding that the provision as to directing the submission of the matter to the same or another grand jury

is mandatory would not apply where the prosecution is by information. It is our duty, as far as possible, to harmonize the information statute and the provision of law alluded to in section 6 thereof, whereby the existing law is made applicable so far as may be. There is every reason why, prior to the adoption of the information system, the law should have provided that the court might direct that a case be submitted to the same or another grand jury, for that direction is to the district attorney to resubmit to a body which is left free and independent to exercise its own judgment and discretion in determining whether or not another indictment should be found; but for the court to direct the district attorney to file a new information would be for the court to usurp the discretion usually vested in that official. That such was not the intention of the information statute, except in extreme cases, is evident, for the reason that in no case can an information be filed except by leave of court first had (section 9), and section 10 provides the cases in which, and the conditions upon which, the court may require the filing of an information. Section 10 of the statute was no doubt meant to meet a situation caused by the wilful neglect and refusal of the district attorney to act in an extreme case. The court having no jurisdiction to require the filing of an information except upon the conditions mentioned in section 10, it would have no such jurisdiction where a demurrer has been sustained to an information, unless it were filed pursuant to the provisions of section 10.

It is ordered that the petition be dismissed, the writ discharged, and that the petitioner be remanded to the custody of the sheriff.