## PEOPLE v. O'LEARY.*

## No. 20,358; February 29, 1888.

### 16 Pac. 884.

**Criminal Law — Plea of Former Acquittal.**—Deering's Penal Code of California, section 1017, provides that a plea must be entered upon the minutes of the court in substantially the following form: "(3) If he plead a former conviction or acquittal: 'The defendant pleads that he has already been convicted [or acquitted] of the offense charged by the judgment of the court of,'" etc. "(4) If he plead once in jeopardy: 'The defendant pleads that he has been once in jeopardy for the offense charged [specifying the time, place, and court].'" Defendant asked to have entered, as a plea of former acquittal: "Defendant pleads that he has already been acquitted of the offense charged by the judgment of this court, rendered at this courtroom on the fourteenth day of February, 1887, when defendant's demurrer to plaintiff's information was sustained by the court, and said court then and there or at any time failed to render its opinion that the objection to said demurrer could ever be cured by filing a new information." Held a sufficient plea of former acquittal.[1]

**Criminal Law—Plea of Former Jeopardy.**—Defendant asked to have entered, as a plea of once in jeopardy: "Pleads, further, that he has been once in jeopardy, he having on the ——— day of January, 1887, been placed on trial for the offense now alleged in the information before the justice court of Cache Creek township and a jury, which court was a competent court, and which jury was a competent jury; and witnesses against defendant were sworn before said jury, and, before the final submission of said matter to said jury, the jury was discharged, against the objection of the defendant." Held, a sufficient plea of once in jeopardy.

**Criminal Law—Failure of Clerk to Enter Plea Properly.**—The failure of the clerk to make the entry as fully as he ought to have done could not prejudice defendant.

---

*For subsequent opinion in bank, see 77 Cal. 30, 18 Pac. 856.

[1] Cited with approval in State v. Kieffer, 17 S. D. 69, 95 N. W. 290, when on an appeal from a conviction of grand larceny the court say that it was error in the court below "to enter judgment against the accused upon the plea of not guilty, unless the plea of former jeopardy had been disposed of by the jury."

Cited, hardly with pertinence, in Gaines v. United States, 1 Ind. Ter. 301, 37 S. W. 100, under the remark "Announcing ready for trial and going to trial without objection waives arraignment and plea."

*Criminal Law—Pleas—Verdict.*—Defendant entered three pleas: First, not guilty; second, a former acquittal; third, once in jeopardy. The jury found only on the first. Held, that there could be no conviction without a verdict on each plea.[1]

APPEAL from Superior Court, Yolo County; C. H. Garoutte, Judge.

Information against Arthur O'Leary for practicing medicine without a certificate. Defendant was convicted, and appeals.

R. Clark for appellant; Geo. A. Johnson, attorney general, for the people.

BELCHER, C. C.—The information filed against the defendant charged him with practicing medicine at a time when he had not obtained a certificate authorizing him to do so, as required by the "Act to regulate the practice of medicine in the state of California" (Deering's Penal Code, pages 625–629). The defendant demurred to the information, and his demurrer was overruled. We see no error in this ruling. The information charged the offense in language sufficiently full and explicit. The defendant then pleaded not guilty, and asked to have further pleas entered as follows: "Further pleading to said information, defendant pleads that he has already been acquitted of the offense charged by the judgment of this court, rendered at this courtroom on the fourteenth day of February, 1887, when defendant's demurrer to plaintiff's information was sustained by the court, and said court then and there or at any time failed to render its opinion that the objection to said demurrer could ever be cured by filing a new information. Pleads, further, that he has been once in jeopardy, he having, on the —— day of January, 1887, been placed on trial for the offense now alleged in the information before the justice court of Cache Creek township and a jury, which court was a competent court, and which jury was a competent jury; and witnesses against defendant were sworn before said jury, and, before

---

1 Cited and followed in Putman v. State, 6 Okl. 141, 117 Pac. 461, where one charged with unlawfully selling whisky had entered the two pleas of "not guilty" and "former conviction."

the final submission of said matter to said jury, the jury was discharged, against the objection of the defendant." The court refused to allow these pleas to be entered, on the ground that they were not pleas recognized by the statutes, and the defendant excepted to the ruling. As entered upon the minutes of the court, the pleas were as follows: "First, defendant pleads not guilty of the offense charged; second, a former acquittal; third, once in jeopardy." The jury found the defendant guilty, but did not find on the issues of former acquittal and once in jeopardy. Judgment was entered that defendant pay a fine of five hundred dollars, and, in default of payment, be imprisoned in the county jail for the term of five hundred days, or at the rate of one day for each dollar of the fine, and from that judgment he has appealed.

The rule is well settled in this state that if, in a criminal case, there be a plea of not guilty, and also a plea of former conviction or acquittal, the defendant is entitled to a verdict on each plea, and until there is such a verdict there can be no judgment of conviction: People v. Kinsey, 51 Cal. 279; People v. Helbing, 59 Cal. 567; People v. Fuqua, 61 Cal. 377. The attorney general, while admitting the correctness of the decisions referred to, urges that defendant's pleas of former acquittal and once in jeopardy, as entered by the clerk, did not meet the requirements of section 1017, Penal Code, and for that reason he was not entitled to any findings upon them. That section provides as follows: "Every plea must be oral, and entered upon the minutes of the court, in substantially the following form: . . . . . (3) If he plead a former conviction or acquittal: 'The defendant pleads that he has already been convicted [or acquitted] of the offense charged by the judgment of the court of ——, [naming it,] rendered at ——, [naming the place,] on the —— day of ——.' (4) If he pleaded once in jeopardy: 'The defendant pleads that he has been once in jeopardy for the offense charged [specifying the time, place, and court].' " The pleas of former acquittal and once in jeopardy, as the defendant asked to have them entered, were in substantially the form required by the code. They were oral, and the clerk was to enter them on the minutes of the court. If the clerk failed to make the entry as fully as he ought to have done, the defendant cannot be made

to suffer for that failure. If the failure was by reason of the order of the court, the order was erroneous, and is cause for reversal.

We think the judgment should be reversed and the cause remanded for a new trial.

We concur: Hayne, C.; Foote, C.

Per CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed, and the cause remanded for a new trial.