### BERKOWITZ v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. March 10, 1899.)

#### No. 27, September Term.

1. CRIMINAL PLEADING—AUTREFOIS ACQUIT.
   A sworn statement by a defendant that he was on a certain date arraigned and acquitted on an indictment specified in the statement, in the same court in which the second trial occurs, and that the "offence to which he is now called upon to defend the facts and circumstances is * * * the same offence of which he was heretofore acquitted" is properly to be treated as a plea of former acquittal.

2. SAME—FORMER JEOPARDY—MISDEMEANORS.
   The fifth amendment of the Constitution of the United States providing that no person shall be subject for the same offence to be twice put in jeopardy of life or limb applies to misdemeanors as well as treason and felony.

3. CONSPIRACY AGAINST THE UNITED STATES—MISDEMEANOR.
   As at common law a conspiracy to commit a misdemeanor or felony was only a misdemeanor, so conspiracy under Rev. St. § 5440, not being declared a felony, is also merely a misdemeanor.

4. CRIMINAL LAW—MERGER OF OFFENCES.
   The doctrine of merger of offences does not apply as between misdemeanors, and hence a misdemeanor which is the object of a conspiracy is not merged in the latter offence, nor is the offence of conspiracy merged in such consummated misdemeanor.

5. FALSE NATURALIZATION CERTIFICATES—UTTERING—MISDEMEANOR.
   Rev. St. § 5424, providing that any person who utters, sells, etc., any false naturalization certificate shall be punished, etc., not having declared such offence a felony, and having repealed the former acts making it such, the offence was reduced to a misdemeanor.

6. SAME—FORMER ACQUITTAL.
   An indictment under Rev. St. § 5440, charging a defendant with conspiring to utter as true false naturalization certificates in violation of Id. § 5424, charges an offence different from that under the latter section, and hence an acquittal on the indictment for such conspiracy is not a bar to a subsequent prosecution for the offence of uttering, etc.

   Acheson, Circuit Judge, dissenting.

(Syllabus by the Court.)

In Error to the District Court of the United States for the Eastern District of Pennsylvania.

W. W. Ker, for plaintiff in error.

James M. Beck and Francis Fisher Kane, for the United States.

Before ACHESON and DALLAS, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. The plaintiff in error and Richard W. Merrick were indicted in the court below under section 5440 of the revised statutes as amended by the act of May 17, 1879, for unlaw fully conspiring together to utter as true certain false certificates of naturalization to five persons respectively named in the several counts of the indictment. The indictment contained ten counts, and the conspiracy charged was treated in the first five counts as one to commit an offence against the United States, and in the remaining counts as one to defraud the United States. On the above mentioned indictment, being No. 19 of the February Term, 1898, the defendant, having pleaded not guilty went to trial and was acquitted. Subsequently an indictment under section 5424 of the revised statutes, containing fifteen counts, was found in the court below against the defendant, being No. 16 of the May Term, 1898, charging him in the first five counts with unlawfully selling, in five other counts with unlawfully disposing of, and in the remaining counts with unlawfully uttering as true, certain false certificates of naturalization to five persons respectively named in the several counts of each class; all of these persons respectively bearing the names of the persons mentioned in the former indictment for conspiracy as those to whom false certificates of naturalization were uttered, and all the alleged false certificates mentioned in the last indictment being in words, letters and figures the same as those set forth in the first. The defendant upon or immediately before his arraignment on the last indictment presented to the court and caused to be filed a verified allegation or plea, as follows:

| United States of America | May Sessions, 1898. |
| vs. | |
| Isidor Berkowitz. | No. 16. |

Isidor Berkowitz the above named being duly sworn according to law doth depose and say: That on the 23d day of February, A. D. 1898, he was arraigned and acquitted on a bill of indictment No. 19 February Sessions, 1898. And that the offence to which he is now called upon to defend the facts and circumstances is substantially and in fact the same offence of which he was heretofore acquitted as aforesaid, and therefore prays judgment of the Honorable Court. Isidor Berkowitz.

Sworn and subscribed to before me this 17th day of May, A. D. 1898.
Charles S. Lincoln,
Clerk District Court, United States.

It does not appear from the record that any issue was taken upon the matters of fact set forth in the allegation or plea, or that any demurrer thereto was filed; and it is admitted by counsel on both sides that no such issue was taken and that no demurrer was filed. It does appear, however, from the record that "arguments having been heard and due consideration having been given thereto, the allegation or plea of the defendant" was overruled by the court. No exception was taken by the defendant to the action of the court in this regard. Thereupon the defendant pleaded not guilty and went to trial. A general verdict of guilty was rendered, and he was sentenced to fine and imprisonment at hard labor. To reverse this judgment the present writ of error was taken.

The first and third assignments of error present the only questions before us for determination. They allege error in "overruling the de-

fendant's plea of 'autrefois acquit,'" and in "not permitting the defendant's plea of 'autrefois acquit' to be determined by a jury." We find no error on the latter point. The sworn allegation of the defendant, while informal, may fairly be considered a plea of former acquittal. It was so considered by the court below. It alleges that the defendant "was arraigned and acquitted on a bill of indictment, No. 19, February Sessions, 1898." That indictment having been found in the court below, it was unnecessary to refer to it in the plea more particularly. The same force must be given to the plea as if it contained a copy or a particular recital of the former indictment. The plea further alleges in effect identity of offences charged in the two indictments, and identity of certificates of naturalization, and of persons alleged to have received the same. Although no demurrer to the plea was filed, the objection orally made on the part of the government to its sufficiency had the effect of a general demurrer, and the arguments, which ensued without objection on the part of the defendant as to the mode of procedure, were equivalent to a joinder in demurrer. The substantial facts alleged in the plea were thereby admitted to be true. The allegation of identity of offences charged in the two indictments, in so far as it involved matter of law, was not admitted to be true by the demurrer, such matter being solely for the consideration of the court. The counts in the former indictment were confined to alleged conspiracy to utter as true false certificates of naturalization. In the present indictment the defendant is charged in the first class of counts with unlawfully selling, in the second class with unlawfully disposing of, and in the third class with unlawfully uttering as true such false certificates. Assuming for the purposes of this case that a former acquittal or conviction of a person on a charge of unlawfully uttering as true false certificates of naturalization to certain persons would, if properly pleaded, operate as a bar to a subsequent prosecution of the former defendant for unlawfully selling or disposing of the same certificates to the same persons in the same transaction in which the uttering occurred, we are brought to the main question.

The fifth amendment of the constitution declares "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." This constitutional guaranty by a liberal construction is held to apply to misdemeanors as well as to treason and felony. Has the defendant been twice put in jeopardy for the same offence? Section 5424 of the revised statutes, under which he was convicted, provides, among other things, that every person who utters, sells, disposes of, or issues as true or genuine any false certificate of naturalization "shall be punished by imprisonment at hard labor not less than one year, nor more than five years, or by a fine of not less than three hundred dollars nor more than one thousand dollars, or by both such fine and imprisonment." Section 5440 as amended, the trial of the defendant under which resulted in his acquittal, is as follows:

"If two or more persons conspire either to commit any offense against the United States or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the

conspiracy all the parties to such conspiracy shall be liable to a penalty of not more than ten thousand dollars, or to imprisonment for not more than two years or to both fine and imprisonment in the discretion of the court."

The words "any act to effect the object of the conspiracy" apply as well to an act which of itself fully accomplishes that object as to an act merely in furtherance of it. Offences under the above two sections are punishable with imprisonment for more than one year in a state prison or penitentiary and are, therefore, infamous crimes within the meaning of the constitutional provision that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury," &c. It is owing to the infamy of the punishment that this safeguard is extended to one accused of such an offence. But it by no means follows that every infamous crime is a felony. In Bannon v. U. S., 156 U. S. 464, 15 Sup. Ct. 467, the court said:

"Neither does it necessarily follow that because the punishment affixed to an offence is infamous, the offence itself is thereby raised to the grade of felony. The word 'felony' was used at common law to denote offences which occasioned a forfeiture of the lands or goods of the offender, to which capital or other punishment might be superadded according to the degree of guilt. * * * If such imprisonment were made the sole test of felonies, it would necessarily follow that a great many offences of minor importance, such as selling distilled liquors without payment of the special tax, and other analogous offences under the internal and customs revenue laws, would be treated as felonies, and the persons guilty of such offences stigmatized as felons. * * * By statute in some of the States, the word 'felony' is defined to mean offences for which the offender, on conviction, may be punished by death or imprisonment in the state prison or penitentiary; but in the absence of such statute the word is used to designate such serious offences as were formerly punishable by death or by forfeiture of the lands or goods of the offender."

At common law a conspiracy to commit a misdemeanor or a felony was only a misdemeanor. So conspiracy under section 5440, not being declared felony, is also merely a misdemeanor. Is the uttering as true a false certificate of naturalization under section 5424 a misdemeanor, or a felony? The doctrine of merger is not applicable as between misdemeanors. A conspiracy to commit a misdemeanor is not merged in the misdemeanor when committed. Hence it follows that where the offence which is the object of the conspiracy amounts only to a misdemeanor against the United States there is no merger in it of the offence of conspiracy, nor is there a merger of the offence constituting such object in the offence of conspiracy. There is much contrariety of opinion on the question whether, in the absence of a statute, a conspiracy to commit a felony is merged in the consummated felony. 2 Whart. Cr. Law (8th Ed.) § 1344; 1 Bish. New Cr. Law (8th Ed.) § 814; 2 McClain, Cr. Law, § 979. It is, however, unnecessary to decide this point. It may be observed in passing that, if the uttering of false certificates of naturalization were a felony, and if the commission of that felony would merge a conspiracy to commit it, the former indictment against the defendant should have charged, not a conspiracy, but its consummated object, and the defendant could not properly have been convicted on the indictment for conspiracy. The offence of uttering as true false certificates of naturalization in the United States is purely of stat-

utory origin. It has never involved the consequences incident to felony at common law. It has never been made felony except by express legislative declaration to that effect, and, whenever it has been so declared, it has been felony, not by reason of the essential nature of the offence, but solely by virtue of such express declaration. Without such declaration it would be only a misdemeanor. Section 13 of the act of March 3, 1813, for "the regulation of seamen on board the public and private vessels of the United States" (2 Stat. 809), provided, among other things, that any person who should "pass, utter, or use as true, any false, forged or counterfeited certificate of citizenship" should be "deemed and adjudged guilty of felony," &c. So, section 2 of the act of July 14, 1870, "to amend the naturalization laws and to punish crimes against the same, and for other purposes" (16 Stat. 254), provided, among other things, that any person who should "utter, sell, dispose of, or use as true or genuine," any false certificate of naturalization should be "deemed and adjudged guilty of felony," &c. By the act of June 22, 1874, "to revise and consolidate the statutes of the United States, in force on the first day of December, anno Domini, one thousand eight hundred and seventy-three," it was provided, with respect to statutes general and permanent in their nature, that "all acts of Congress passed prior to said first day of December one thousand eight hundred and seventy-three, any portion of which is embraced in any section of said revision, are hereby repealed, and the section applicable thereto shall be in force in lieu thereof." Rev. St. § 5596. Section 5424, while clearly defining the offences thereby made punishable, does not declare them felonies. The one thing which could have made them felonies is omitted from the section, namely, an express declaration to that effect. To assume that such omission was accidental is inadmissible, especially in view of the fact that the phraseology of section 5424 varies from that employed in section 2 of the act of July 14, 1870, indicating careful revision. While it is true that reference may be had to earlier enactments to throw light upon the legislative intent where obscure or doubtful words or phrases occur in the revised statutes, such reference is not permissible where no such doubt or obscurity exists. The omission from section 5424 of any declaration of felony shows a legislative intention that the offences therein enumerated should not be deemed felonies. U. S. v. Coppersmith, 4 Fed. 198. If not felonies, they are only misdemeanors. Indeed, it would not have required an express repeal to produce the same result. In Tracy v. Tuffly, 134 U. S. 206, 10 Sup. Ct. 527, the court said:

"While it is true that repeals by implication are not favored by the courts, it is settled that, without express words of repeal, a previous statute will be held to be modified by a subsequent one, if the latter was plainly intended to cover the whole subject embraced by both, and to prescribe the only rules with respect to that subject that are to govern."

And in Ellis v. Paige, 1 Pick. 43, the supreme court of Massachusetts used the following apt language:

"It is a well settled rule that when any statute is revised, or one act framed from another, some parts being omitted, the parts omitted are not to be re-

vived by construction, but are to be considered as annulled. To hold otherwise would be to impute to the legislature gross carelessness or ignorance; which is altogether inadmissible."

The offence of uttering, selling or disposing of false certificates of naturalization in violation of section 5424 being only a misdemeanor, there could be no merger as between it and a conspiracy of which it was the object.

The act to effect the object of the conspiracy is no part of the offence under section 5440. If there be a conspiracy to commit an offence against the United States or to defraud the United States, the offence under that section is complete, although no successful prosecution can be had without proof of an act in aid, furtherance, or accomplishment of the object of the conspiracy. The unlawful confederacy constitutes the offence. In U. S. v. Britton, 108 U. S. 199, 2 Sup. Ct. 531, the court, in dealing with an indictment charging conspiracy under section 5440 to violate the provisions of section 5204 and 5209 relating to national banks, said:

"The offence charged in the counts of this indictment is a conspiracy. This offence does not consist of both the conspiracy and the acts done to effect the object of the conspiracy, but of the conspiracy alone. The provision of the statute, that there must be an act done to effect the object of the conspiracy, merely affords a locus penitentiæ, so that before the act done either one or all of the parties may abandon their design and thus avoid the penalty prescribed by the statute."

In Dealy v. U. S., 152 U. S. 539, 14 Sup. Ct. 680, where the indictment charged conspiracy under section 5440 to defraud the United States of lands by means of false entries under the homestead laws, the court quoted with approval the above passage from the opinion in U. S. v. Britton and said:

"The gist of the offence is the conspiracy. * * * Hence if the conspiracy was entered into within the limits of the United States and the jurisdiction of the court, the crime was then complete, and a subsequent overt act in pursuance thereof may have been done anywhere."

Section 1035 of the revised statutes provides that "in all criminal causes the defendant may be found guilty of any offence the commission of which is necessarily included in that with which he is charged in the indictment," &c. An uttering by the defendant of false certificates of naturalization was, as we have seen, no part of the offence of conspiracy charged against him in the former indictment, nor was it necessarily included in that offence. The act to effect the object of the conspiracy need not be the act of all the conspirators, but of any one or more of them. A conviction of one on a charge of conspiracy to utter a false certificate of naturalization does not show that he uttered such certificate. It may have been uttered solely by a co-conspirator. So an acquittal of one on such a charge is not in the least inconsistent with his having uttered such a certificate. There may have been a failure to prove a conspiracy. The evidence on which he was convicted or acquitted on a charge of conspiracy may be wholly immaterial in a subsequent prosecution for uttering such a certificate, as not tending either to support a conviction or to secure an acquittal. If all the facts necessary to support the pres-

ent indictment had been proved on the former trial they would not have warranted a conviction of the defendant under the former indictment of the offence of uttering false certificates of naturalization. Each count in that indictment charged conspiracy, which is an offence separate and distinct from that here alleged and subject to a different punishment. To hold that the defendant could have been convicted under the former indictment of the offence with which he is charged in this case would be to decide either that the former indictment did not allege conspiracy, but only the uttering of false certificates of naturalization, or that, in contravention of the rules of criminal procedure, a conviction could properly be had under a count embracing two separate and distinct offences differently punishable. If conspiracy had been insufficiently charged in the former indictment, a question might have arisen which it is unnecessary here to consider. We do not find any ambiguity or uncertainty in the former indictment as to the nature of the offence charged. Each count expressly set forth a conspiracy to utter a false certificate of naturalization, contained a copy of it, and alleged that such certificate was uttered "to carry out and effect the object of said conspiracy." Nowhere in that indictment was the uttering of a false certificate alleged as an independent offence. The defendant had a constitutional right "to be informed of the nature and cause of the accusation," and this right he enjoyed. He could not on his former trial have been convicted of the offence with which he is here charged without a practical nullification of that constitutional guaranty. As he could not have been so convicted, he has not for the offence of uttering false certificates of naturalization twice been put in jeopardy. There was, therefore, no error in overruling the plea of former acquittal. The judgment below is affirmed.

ACHESON, Circuit Judge. I dissent from the judgment of affirmance in this case. I differ fundamentally from the majority of the court in respect to the scope of the first indictment. My views I can the better explain by quoting in extenso the first count of the former indictment. This count will answer for all the other counts of that indictment here involved, for they are all alike save as to the name of the person represented as having been naturalized, and to whom it is charged a false certificate of naturalization was uttered.

"In the District Court of the United States for the Eastern District of Pennsylvania. February Sessions, 1898, No. 19.

Eastern District of Pennsylvania—ss.:

"The grand inquest of the United States of America, inquiring in and for the Eastern district of Pennsylvania, upon their respective oaths and affirmations, respectively, do present that heretofore, to wit, upon the 1st day of June in the year of our Lord 1897, one Isidor Berkowitz and one Richard W. Merrick, both late of the district aforesaid, at the district aforesaid, and within the jurisdiction of this court, did knowingly, willfully, and unlawfully conspire together for the purpose of committing an offense against the United States, to wit, to utter as true a certain false certificate of naturalization, purporting that one Joseph Mochnacs was admitted to become a citizen of the United States by the circuit court of the United States in and for the Eastern district of Pennsylvania, at a session of the said court holden at the city of Philadelphia, in the district aforesaid, on, to wit, the 11th day of October, A. D.

1897, and which said certificate is in words and figures and manner and form as follows, to wit:

" 'United States of America, Eastern District of Pennsylvania.

" 'Be it remembered, that at a circuit court of the United States holden at Philadelphia, in and for the Eastern district of Pennsylvania, in the Third circuit, on the eleventh day of October in the year of our Lord one thousand eight hundred and ninety-seven, Joseph Mohnacs, a native of Russia, exhibited a petition praying to be admitted to become a citizen of the United States; and it appearing to the said court that he had declared on oath before the clerk of the circuit court of the United States, Eastern district of Pennsylvania, on the twenty-sixth day of June, A. D. 1895, that it was bona fide his intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty whatsoever, and particularly to the czar of Russia, of whom he was at that time a subject, and that the said Joseph Mohnacs having on his solemn oath declared, and also made proof thereof, agreeably to law, to the satisfaction of the court, that he has resided one year and upwards within the state of Pennsylvania, and within the United States of America five years and upwards, immediately preceding his application, and that during that time he has behaved as a man of good moral character, attached to the principles of the constitution of the United States, and well disposed to the good order and happiness of the same, and having also declared on his solemn oath before the said court that he would support the constitution of the United States, and that he did absolutely and entirely renounce and abjure all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty whatsoever, and particularly to the czar of Russia, of whom he was before a subject; and thereupon the court admitted the said Joseph Mohnacs to become a citizen of the United States, and ordered all proceedings aforesaid to be recorded by the clerk of the said court, which was done accordingly. In testimony whereof, I have hereunto subscribed my name and affixed the seal of the said court, at Philadelphia, this eleventh day of October, A. D. 1897, and in the one hundred and twenty-second year of the independence of the United States.          Rich. W. Merrick,
          " 'Pro Clerk of Circuit Court, United States.
" '[Seal U. S. Circuit Court, E. D. Penna.]'

"And to carry out and effect the object of said conspiracy, they, the said Isidor Berkowitz and the said Richard W. Merrick, did on, to wit, the said 11th day of October, A. D. 1897, utter as true the said false certificate of naturalization unto one Joseph Mohnacs, and which said false certificate of naturalization was then and there false, in that the said circuit court of the United States in and for the district aforesaid did not upon the said 11th day of October, A. D. 1897, nor upon any other day or date, admit, or authorize the admission of, the said Joseph Mohnacs to become a citizen of the United States, nor did said circuit court authorize the utterance of the said certificate of naturalization, as they, the said Isidor Berkowitz and Richard W. Merrick, and each of them, on all of the days and dates above mentioned, well knew,—contrary to the form of the act of congress in such cases made and provided, and against the peace and dignity of the United States of America."

The conclusion of the majority of the court rests upon the assumption that the former indictment was simply for a conspiracy to commit an offense against the United States, namely, a conspiracy to utter as true a false certificate of naturalization. Is this a true conception of that indictment? To determine the question aright, let us analyze the above-recited count. It begins, indeed, with an allegation that the defendants conspired to utter as true a false certificate of naturalization; next it sets forth at length the false certificate; and then it avers that the defendants did utter as true the said false certificate of naturalization, knowing it to be false, contrary to the form of the act of congress in such cases made and

provided. The count, in its charging part, contains a complete description of the offense of uttering a false certificate of naturalization, denounced by, and punishable under, section 5424 of the Revised Statutes of the United States. The averment here made of the commission by the defendants of the offense of uttering the false certificate of naturalization is direct and positive, and very specific. The accusation of uttering the false certificate, as here laid, is a complete charge in itself. In substance, and almost in exact form, it is the same charge made against the defendant in the second indictment. It seems to me to be a matter of no moment that the charge of uttering, as laid in the first indictment, is preceded by the words "to carry out and effect the object of said conspiracy." This is no more than saying that pursuant to, and in accomplishment of, the previous agreement between the defendants to commit the offense, they actually did commit it.

I cannot assent to the suggestion that the first indictment was drawn exclusively under section 5440 of the Revised Statutes, as amended by the act of May 17, 1879 (21 Stat. 4):

"If two or more persons conspire together either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable. * * *"

It will be perceived that, to consummate the statutory offense of conspiracy, some act must be done by one or more of the confederates to effect the object of the conspiracy. Now, here the making of the false certificate of naturalization was such an act, and might have been so pleaded as completing the alleged conspiracy; but this was not done, or at least not formally done. Instead of this, the indictment averred that the defendants had accomplished the object of the conspiracy; that is, had uttered the false certificate. In other words, there was a substantive charge that both the defendants had actually perpetrated the principal offense. All that preceded this definite charge was matter of inducement. Rex v. Spragg, 2 Burrows, 993. At any rate, if there was a good charge of conspiracy under section 5440, there was also a well-laid charge of uttering a false certificate of naturalization under section 5424. The joinder of the two charges in one indictment clearly is allowable. 2 Whart. Cr. Law, § 2338; U. S. v. Hirsch, 100 U. S. 33. The government cannot, after trial and verdict, be heard to say that the joinder of the two charges in the same count was irregular or erroneous. The defendant alone could raise such objection. Vide section 1025, Rev. St. Moreover, it is no uncommon thing to join in one count two related but distinct offenses. 1 Whart. Cr. Law (8th Ed.) § 383(2) et seq.; Com. v. Tuck, 20 Pick. 356, 361. Thus, a person may be charged in the same count with having burglariously entered a dwelling house with intent to steal, and also with having stolen after entry, and he may be acquitted of the burglary and convicted of the larceny simply. Id. And, if acquitted generally, he may plead his acquittal in bar of an indictment for the larceny. 1 Whart. Cr. Law, § 560(t). In Wright, Cr. Const. (Carson's Ed.) 192, it is laid down that if, in a count charging conspiracy, an overt act is stated and pleaded as a constituent mis-

demeanor, upon conviction judgment may be given for the constituent misdemeanor. For this doctrine there is abundant authority. Rex v. Spragg, 2 Burrows, 993, 999; King v. Reg., 7 Adol. & El. (N. S.) 808. In these cases it was declared that if, in an indictment for a conspiracy, the conspiracy is insufficiently laid, nevertheless, if the rest of the indictment contains a good charge of a misdemeanor, judgment will be rendered against the defendant for the misdemeanor. In Wright v. Reg., 14 Q. B. 148, 168, Lord Denman, C. J., said:

"I am of opinion that the first six counts may be sustained. The statement of the means used for effecting the object of the conspiracy is so interwoven with the charge of conspiracy as to show upon the face of these counts an unlawful conspiracy. But, if that were not so, the overt acts show an indictable misdemeanor, upon which the court will pronounce judgment."

In Com. v. Delany, 1 Grant, Cas. 224, 225, Chief Justice Lewis, speaking for the supreme court of Pennsylvania, said that while the conspiracy charged in an indictment might merge in the consummation of the overt act set forth, where the act accomplished is a felony, yet, even in that case "there is reason to believe that the averments of the conspiracy may be disregarded as surplusage and the defendant put upon trial for the consummated crime set forth."

In framing the first indictment here, the government saw fit to insert in each count thereof an independent charge of the actual commission by the defendants of the offense of uttering as true the described false certificate of naturalization. Then, as it had a right to do, the government elected to try the defendant Berkowitz separately. Of course, he could not have been convicted of a previous conspiracy to commit the main offense, without evidence implicating both the defendants in such conspiracy. But it is equally clear that, for the consummated offense of uttering as true the false certificate, he could have been convicted and sentenced upon proof affecting himself only. 1 Whart. Cr. Law, §§ 434, 435. Therefore his acquittal barred a subsequent indictment against him for the same offense. It has not been seriously maintained by the learned United States district attorney that one who has been indicted for the offense of uttering as true a described false certificate of naturalization to a named person, and has been tried and acquitted, can afterwards, with respect to that same transaction, be indicted for selling or disposing of that same certificate to that same person. It is enough here to say that the selling or disposing of such a certificate implies an uttering of it. I am of opinion that the district court erred in overruling the defendant's plea of former acquittal. I would reverse the judgment.