UNITED STATES v. BLOCK.

(District Court, D. Indiana, at Indianapolis. January 10, 1920.)

No. 691.

1. CRIMINAL LAW ⊛166—COURT-MARTIAL ACQUITTAL IS BAR TO CIVIL PROSECUTION.

Defendant registered on the 5th day of June, 1917, and thereafter failed to answer his questionnaire and fled to escape military duty. He was tried by a court-martial for desertion and convicted, but the conviction was set aside by the reviewing authorities, and he was ordered restored to duty. *Held*, that this proceeding before the court-martial constituted a bar to a prosecution in the District Court for failing to answer his questionnaire.

2. CRIMINAL LAW ⊛163—FORMER JEOPARDY DEFENSE APPLICABLE TO MISDEMEANORS.

The principle that a man shall not be placed in jeopardy twice for the same offense applies to misdemeanors, as well as graver crimes.

William H. Block was indicted for failure to make return on a selective draft questionnaire. Demurrer to plea of former acquittal overruled.

L. Ert Slack, U. S. Atty., of Indianapolis, Ind.
Edward Maher, of Chicago, Ill., for defendant.

ANDERSON, District Judge. On November 4, 1918, the defendant was indicted by the grand jury for failing and neglecting to fill out, swear to, and return his questionnaire to Local Board No. 2 in the city of Indianapolis. In substance, the indictment alleges that on the 5th day of June, 1917, the defendant was a male person between the ages of 21 and 30 years; that on said 5th day of June, 1917, the defendant was duly and legally registered under the act of Congress entitled "An act to authorize the President to increase temporarily the military establishment of the United States," approved May 18, 1917, and in accordance with the regulations prescribed by the President under said act; that the defendant was, on the 27th day of December, 1917, under the jurisdiction of Local Board No. 2 in the city of Indianapolis, Ind., which said local board was then and there formed, constituted and operating under said act of Congress and the Selective Service Regulations prescribed thereunder by the President

on November 8, 1917, and then and there had jurisdiction, by virtue of said regulations, over all registrants who had been registered in said precinct; that on said 27th day of December the said local board mailed ·to said defendant the questionnaire of said defendant at his last known address, which said questionnaire the said defendant was required to fill out, swear to, and return to said local board, in accordance with said act and said regulations, on or before the 5th day of January, 1918; that on the said 27th day of December the said local board posted in its office the proper notices prescribed in said regulations, containing the order number of said defendant, notifying him that his questionnaire had on that day been mailed to him by the said board, and that he was required by law and by said regulations to execute and return to said board his said questionnaire within seven days from said 27th day of December; that the said defendant did not, within said seven days, and did not before the 5th day of January, 1918, fill out, swear to and return his questionnaire to said board; that on the 5th day of January, 1918, the defendant unlawfully and willfully failed, and did at all times, from the 5th day of January, 1918, until the day of the indictment unlawfully and willfully fail and neglect to perform such duty and to fill out, swear to, and return his said questionnaire to said local board.

The defendant was duly arrested and brought into court to answer said indictment, whereupon, before his arraignment, the district attorney, upon request of the Department of Justice at Washington, asked that the defendant be turned over and delivered to the military authorities of the United States at Ft. Benjamin Harrison, Ind., to be dealt with in accordance with military law, and it was so ordered by the court. The defendant was duly turned over to the military authorities, and he now files his plea of former acquittal, setting forth the order for his court-martial; that the court-martial met on January 15, 1919, at 10 o'clock a. m., for the trial of the defendant; that the defendant was then and there arraigned upon the charge of violating the Fifty-Eighth Article of War, with the specification, "In that Private William H. Block, Jr., Order No. 1742, Serial No. 2337, unassigned, having been duly drafted into the military service at Indianapolis, Indiana, on March 28, 1918, did, on or about March 28, 1918, willfully desert the service of the United States, and did remain absent in desertion until he was apprehended at Roseburgh, Oregon, on or about October 13, 1918;" to which the defendant pleaded to the specification, "Not guilty;" to the charge, "Not guilty." The plea then avers that the paragraphs of the Manual for Courts-Martial that set out the gist of the offense were read to the court-martial by the Judge Advocate, as follows:

"Section 130. Registrants failing to return their questionnaires or to report for physical examination to be reported to police authority."

Then follows the procedure under this section.

"Section 131. Report to the adjutant general of the state in cases of registrants who fail to return their questionnaires, or who fail to report for physical examination, and who cannot be located."

Then the procedure under such section is set out.

"Section 133. Adjutant general to order delinquents to report; and notice to registrant."

Then follows the procedure under such section; and

"Section 140. Persons inducted into military service who fail to report for military duty, or who fail to entrain, or who absent themselves from entrainment.

"1. A registrant who, after the time set for his induction into military service (sections 133, 159g), and with intent to evade such service;

"(a) Fails to report for military duty under induction orders, whether issued by the adjutant general of the state (form 1014, p. 234), or by a local board (form 1028, p. 250); or who

"(b) Fails to entrain for a mobilization camp pursuant to orders; or who

"(c) Absents himself from his party en route to a mobilization camp, or otherwise refuses or neglects to proceed to the camp as ordered

—is a deserter, and subject to punishment by court-martial."

The plea then sets forth the evidence which was introduced against the defendant before the court-martial, showing that he registered on June 5, 1917, and the procedure thereafter with reference to mailing to him his questionnaire, and his failure to answer the same, and the posting of the notice as required by the Selective Service Regulations, and evidence that notice was given to the defendant to report to the adjutant general.

The plea further shows that the defendant denied that he had received said questionnaire or such notice, and avers that he was absent on private business and that prior to the time that he left on such private business no such questionnaire was in existence; that by reason of his failure to respond to the notice of the adjutant general, as thereinbefore set forth, and under the Selective Service Regulations and the act of Congress (Comp. St. 1918, §§ 2044a–2044k), he became and was automatically inducted into the service of the United States as a soldier, as set forth in the charge and specification thereinbefore in his plea set out; that divers witnesses were sworn; that proceedings were had from day to day before said court-martial; that evidence was read, oral evidence was heard, and Selective Service Regulations were read; that 28 witnesses testified orally; that there was introduced in evidence exhibits, Selective Service Regulations, the registration card of the defendant, forms 1012, 1002, 1010, 1013, 1014, 1018, and report of police, also a blank form of questionnaire, all as required by Selective Service Regulations, and a report of the Medical Board; that arguments were heard, and said court-martial found against the defendant and sentenced him "to be dishonorably discharged from the service, to forfeit all pay and allowances due or to become due, and to be confined at hard labor, at such place as the reviewing authority may direct, for fifteen (15) years"; that the matter was taken before the reviewing authority, and the following order was made:

"The sentence is disapproved. Private Block will be released from confinement and restored to duty."

—and that said last order remains in full force and effect, and cannot be annulled or set aside in any manner by the military authorities.

The plea further alleges:

"That the offense of failing to file the questionnaire was included in the said charge of 'desertion,' and that he, having been acquitted of the charge of desertion, is thereby, as a matter of law, acquitted of the charge of failing to file a questionnaire, being an essential ingredient of the charge of desertion, and is a lesser offense included in the charge of desertion."

[1, 2] The plea of the defendant is based upon the theory that he has been once placed in jeopardy and acquitted of the offense charged against him in the indictment. The Selective Service Law provides, in section 6, for the punishment of a registrant failing or neglecting to answer his questionnaire. The section, so far as it is applicable to this case, reads as follows:

"* * * Or who, in any manner, shall fail or neglect fully to perform any duty required of him in the execution of this act, shall, if not subject to military law, be guilty of a misdemeanor and upon conviction in the District Court of the United States having jurisdiction thereof, be punished by imprisonment for not more than one year or, if subject to military law, shall be tried by court-martial and suffer such punishment as a court-martial may direct."

The Supreme Court of the United States in Grafton v. United States, 206 U. S. 333, 27 Sup. Ct. 749, 51 L. Ed. 1084, 11 Ann. Cas. 640, held that a soldier in the army, having been acquitted of the crime of homicide, alleged to have been committed by him in the Philippine Islands, by a military court-martial of competent jurisdiction proceeding under authority of the United States, cannot be subsequently tried for the same offense in a civil court exercising authority in that territory. In the course of its opinion the court said (206 U. S. on page 345, 27 Sup. Ct. 751, 51 L. Ed. 1084, 11 Ann. Cas. 640):

"We assume as indisputable, on principle and authority, that before a person can be said to have been put in jeopardy of life or limb the court in which he was acquitted or convicted must have had jurisdiction to try him for the offense charged. It is alike indisputable that if a court-martial has jurisdiction to try an officer or soldier for a crime, its judgment will be accorded the finality and conclusiveness as to the issues involved which attend the judgments of a civil court in a case of which it may legally take cognizance."

Grafton having been acquitted of the crime of homicide by a court-martial, and having thereafter been convicted in the civil courts, the Supreme Court reversed the case and ordered that the complaint of the United States against Grafton be dismissed, and that he be discharged. This principle, that a man shall not be placed in jeopardy twice for the same offense, applies to misdemeanors as well as to graver crimes. Ex parte Lange, 85 U. S. (8 Wall.) 163, 21 L. Ed. 872.

In that part of section 6 of the Selective Service Law above quoted, Congress provided that whoever violated such section, "if not subject to military law," should be guilty of a misdemeanor, and upon conviction in the District Court of the United States having jurisdiction thereof, be punished by imprisonment for not more than one year, and provided further, in the alternative, that "if subject to military law" he should be tried by court-martial and suffer such punishment as a court-martial may direct, thus recognizing the legal principle that a

man may not be subjected to trial or punishment twice for the same offense.

This is not the case of a plea setting up the former conviction or acquittal of the defendant in a court of another sovereignty. It is well settled that an acquittal or conviction in a state court is not a good defense in this court; but the rule is different where both courts derive their powers from the same sovereignty. In this case the court-martial and the District Court of the United States sitting in this district both derive their powers from the government of the United States.

The plea sets forth a good defense of former acquittal, and the demurrer should be overruled; and it is so ordered.