PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ANTONIO GONZÁLEZ, Defendant and Appellant.

No. 3695. Argued March 8, 1929.—Decided March 25, 1929.

*A. Reyes Delgado* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Defendant Antonio González has appealed to this court from a judgment of the District Court of Arecibo sentencing him to three months in the district jail for carrying arms.

The first error assigned by the appellant is that the court refused to strike from the record a motion of the district attorney which appears on pages three to five of the record. The trial of the case had been set for a certain date; the

defendant moved for and obtained a continuance without notifying the district attorney who moved the court to set the case peremptorily for trial. All of this would be justifiable. But the district attorney, unnecessarily and without reasonable motive, based his motion on facts foreign to the case and on comments and deductions which he did not have to make. One of the paragraphs is as follows:

"That defendant Antonio González was on that day at the place of the occurrence and did nothing to prevent his brother from assaulting Julio Rivera, but on the contrary tried to thwart a policeman in his effort to keep order by assaulting and battering him with his fists, for which there is pending against him a charge of aggravated assault and battery."

The defendant moved that the motion be stricken out for the reason that although it had not been introduced in evidence, it had that effect and would be impertinent evidence and because it unnecessarily influences the mind of the judge. The court ordered the elimination of the fifth paragraph, or the one quoted here, and said that the facts related therein would in no manner influence the mind of the court. The ruling was correct although the whole motion might have been stricken out.

We do not believe that the facts related in the motion, as it was left after the elimination, could have the least influence on the mind of a judge who, as is shown by the record, acted with perfect fairness and discretion at the trial. We can not hold that the error assigned was committed.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a public offense and was ambiguous, uncertain and unintelligible. The court held that the charge was not specific because it did not describe clearly the weapon carried by the defendant, and sustained the demurrer. The district attorney then moved that the word "pistol" in the complaint be understood as stricken out; but this was opposed by the defendant because in his opinion the sustaining of the demurrer carried

with it the dismissal of the case and that, in misdemeanor cases, bars the filing of a new complaint. The question having been argued by the parties, the court held that the dismissal of the case should not be ordered. This is the ground of the second assignment.

The original complaint reads as follows:

"That on February 19, 1928, at 1 a. m., in the ward of Río Abajo of Utuado, P. R., of the municipal judicial district of Utuado, P. R., which forms a part of the judicial district of Arecibo, P. R., the defendant, Antonio González, unlawfully, wilfully and maliciously and in the crowded house of Ramón Román where there was a dance carried on his person a pistol or revolver, a firearm with which bodily harm can be inflicted and with which he fired several shots."

As the law applicable sections 157 and 452 of the Code of Criminal Procedure are cited and read as follows:

"Sec. 157. If the demurrer is allowed, the judgment is final upon the information referred to, and is a bar to another prosecution for the same offense, unless the court, being (is) of the opinion that the objection on which the demurrer is allowed may be avoided in a new information, and directs a new information to be filed: *Provided,* That after such order of resubmission the defendant may be examined before a justice of the peace and discharged or committed by him, as in other cases.

"Sec. 452. An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony."

*Ex Parte Henry Williams,* 116 Cal. 572, is cited as an illustration of the construction of statutes equal or similar to those of our Code of Criminal Procedure. In that case the defendant demurred to the information and the court sustained it with leave to the district attorney to file a new information. The court held, in accordance with the jurisprudence in other cases (*People* v. *Jordán,* 63 Cal. 219, and *People* v. *O'Leary,* 77 Cal. 34), that the allowance of a demurrer operates as a final order on the information objected to and is a bar to another prosecution for the same offense

unless the court orders the filing of a new information. It likewise held that leave to file a new information is not an order to do so and that the judge should have followed the language of the statute and ordered the information to be filed. It was a majority opinion.

On the other hand, the *fiscal* of this court cites the case of *People* v. *Piris,* 36 P.R.R. 446, where it was said that when the information alleged the carrying of a firearm, an instrument with which grave bodily injury may be caused, the absence of a more definite description of the arm is not a fatal defect.

The demurrer in this case was based on lack of facts sufficient to constitute an offense, which was overruled by the court, and ambiguity, uncertainty and unintelligibility, which was considered and sustained.

The case has been very ably presented to this court by counsel for the appellant. But we must ascertain whether in reality the so-called second exception was such and if so, what may be its legal consequences.

Section 153 of the Code of Criminal Procedure reads as follows:

"The defendant may demur to the information, when it appears upon the face thereof, either:

"1. That it does not substantially conform to the requirements of sections 71, 72 and 73;

"2. That more than one offense is charged;

"3. That the facts do not constitute a public offense;

"4. That it contains any matter, which, if true, would constitute a legal justification or excuse of the offense charged or other legal bar to the prosecution."

If the objection under consideration is a demurrer, it would be excluded from subdivisions 2, 3 and 4 of the said section. As to subdivision 1, its spirit must be made to appear from its wording. Criminal procedure is not a system of rules for freeing a defendant from the action of the law and from the consequences of his acts. It does

protect individual rights, but without abandoning the rights of society which are at least as important in law as the former. Thus, subdivision 1 of section 153 follows the theory that an information fundamentally defective can not be sustained. The words of the statute are precise and clear:

"That it does not *substantially* conform to the requirements of sections 71, 72 and 73." (Italics ours).

In order to determine whether or not such requirements are substantially complied with it is sufficient to examine the statute alleged to have been violated.

Section 1 of Act No. 14 of June 25, 1924, reads as follows:

"Section 1.—That any person unlawfully carrying any arm or instrument with which bodily injury may be caused, shall be punished by imprisonment for a term of from one to six months."

Section 2 on which the judgment is based reads as follows:

"Section 2.—That any person taking part in or entering any meeting held for lawful purposes and unlawfully carrying any of the arms hereby prohibited, shall be punished by imprisonment for not less than three months nor more than one year."

In *People* v. *Piris,* 36 P.R.R. 446, it was held by this court that an information charging a person with carrying a firearm, which is an instrument capable of causing bodily injury, is sufficient.

In view of the foregoing statutes and of the jurisprudence, it can not be held that the complaint in this case was subject to demurrer under subdivision 1 of section 153 of the Code of Criminal Procedure. If it can be said to be defective, it could not be on the ground that it did not *substantially* conform to the requirements of the statute. If any defect existed and it was purely one of form, there is no doubt that the complaint could be amended, and particularly when the defect was a redundancy which can be easily eliminated.

The judgment appealed from must be affirmed.